Argued February 9, affirmed March 2, 1955

IN RE THE ADOPTION AND CHANGE OF NAME OF
SHARON LEE SIMPSON, A MINOR
BURRELL ET UX. v. SIMPSON
280 P. 2d 368

*J. William Stortz,* of Salem, argued the cause and filed a brief for appellant.

*Bryan Goodenough,* of Salem, argued the cause and filed a brief for respondents.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN and PERRY, Justices.

PERRY, J.

Jesse James Simpson, Jr., and Clay Ella were married in May, 1948, and during the month of May, 1949, there was born to them a daughter, Sharon Lee Simpson. In May, 1952, Clay Ella Simpson was granted a divorce from Jesse James Simpson, Jr., the decree providing that Clay Ella Simpson "be and she is hereby awarded the absolute care, custody and control" of the minor child Sharon Lee Simpson. Subsequently, Clay Ella Simpson in writing consented to the adoption of Sharon Lee by Gordon F. Burrell and Lois Burrell, his wife. Gordon F. Burrell and Lois Burrell, husband and wife, filed their petition in the Marion county circuit court, in due form, praying for a decree permitting them to adopt Sharon Lee Simpson. The father of the child, Jesse James Simpson, Jr., was thereupon duly served with notice of the proceedings, and on the 17th day of December, 1952, he appeared and filed his objections to the petition for adoption. The cause was heard in April, 1953, and the decree of adoption granted, from which decree Jesse James Simpson, Jr., has appealed.

The appellant contends that the trial court was in error in allowing the petition of adoption and change of name, because the trial court did not obtain jurisdiction of the parties and the subject matter. This objection is based upon the contention that there was no

affirmative allegation in the petition, nor substantial evidence, indicating that this father had willfully deserted and neglected to provide for the care and maintenance of Sharon Lee for one year next preceding the filing of the petition for adoption.

The appellant argues that the trial court is without jurisdiction to allow an adoption decree when both parents are living and one parent has not voluntarily consented in writing to the adoption, unless it is shown that the nonconsenting parent is insane, or is imprisoned in the state prison under a sentence for a term of not less than three years, or has willfully deserted and neglected to provide proper care and maintenance of the child for one year next preceding the time of filing the petition for adoption.

The appellant admits the sufficiency of the petition for adoption in all particulars, except that it fails to charge the nonconsenting parent (the appellant) with being either insane, imprisoned in the state prison under sentence for a term of not less than three years, or with willfully deserting and neglecting to provide proper care and maintenance for the child for one year next preceding the filing of the petition in accordance with ORS 109.320, subsection (6), hereinafter set out.

■ Adoption was unknown to the common law, having its conception in the civil law, and existing in this state only by reason of statute. Being in derogation of the common law, all jurisdictional requirements must be met in order that the court may exercise this special power conferred upon it by statute. *In re Estate of Myers,* 197 Or 520, 524, 254 P2d 227, and cases cited therein; *Furgeson v. Jones,* 17 Or 204, 217, 20 P 842, 3 LRA 620.

Consent of the natural parents is the jurisdictional

foundation upon which our statutes of adoption are built. Subsection (1), ORS 109.320, relative to consent to adoption, provides that "the parents of the child, or the survivor of them, shall  *  *  *  consent in writing to the adoption of the child". This does not mean, however, that in every situation in the life of a child the unqualified voluntary consent of both parents is essential to give jurisdiction to an authorized court to enter a valid decree of adoption. The state itself is interested in the welfare of all children within its boundaries, and in considering the welfare of a child, it may, in situations that it considers necessary to the wellbeing and welfare of the child, provide that the necessary consent of the natural parents may, through their fault or under certain existing family situations, be forfeited. *Child Saving Institute v. Herbert S. Knobel,* 327 Mo 609, 37 SW2d 920; 76 ALR 1068, and annotations following; 1 Am Jur 642, Adoption of Child, § 41.

ORS 109.320, subsection (6), reads as follows:

"If either parent is insane or imprisoned in the state prison under a sentence for a term not less than three years or has willfully deserted and neglected to provide proper care and maintenance for the child for one year next preceding the time of filing the petition for adoption, the court shall proceed as if such parent were dead, and in its discretion may appoint some suitable person to act in the proceedings as next friend of the child to give or withhold the consent mentioned in subsection (1) of this section."

It is to be noted in each of the above family situations in which a child of natural parents is found, the state confers jurisdiction upon the court for purposes of adoption by granting to the court jurisdiction to deter-

mine the welfare of the child whenever there is executed the voluntary consent of one parent only, the consent of the unfortunate or offending parent being waived the same as though he or she were deceased.

■ In the matter before us, none of these situations exist. However, separate and apart from the provisions of subsection (6), supra, the state has taken into consideration the welfare of the child of a home ("home" being the natural abode of love and affection) which has been destroyed by the actions of the natural parents. This is the situation now before us, and in such a situation ORS 109.320, subsection (2), provides as follows:

> "In case the legal custody of the child has been awarded in divorce proceedings, the consent of the person to whom custody of the child has been awarded may be held by the court sufficient, but a citation to show cause why the proposed adoption shall not be made shall be served upon the parent not having the custody in the manner provided by law for the service of citation in probate matters, and the objections of such parent shall be heard, if appearance is made."

This section of the code definitely provides that, when the home is broken by a decree of divorce, the court of adoption obtains jurisdiction upon proper petition being made thereto by the adoptive parents, the written consent of the natural parent, who has been awarded custody of the minor child, filed, and due and proper service of citation made upon the nonconsenting parent.

■ The constitutional right of the nonconsenting parent to due process of law is thereby preserved, and the notice directed to him and his right to be heard stands in substitution of his voluntary written consent. 1 Am Jur 641, Adoption of Child, § 39.

It is clear that subsections (2) and (6), ORS 109.320, supra, are each separate and distinct, each bearing upon different situations that may arise in family life to affect the welfare of the child, and each providing distinct procedures whereby a court of competent jurisdiction may determine whether the welfare of the child is best served under the circumstances of the home as they then exist, or by transferring the rights and obligations of the natural parents to others who are willing to accept them.

The appellant relies upon a statement in the case of *Volz et ux. v. Abelsen,* 190 Or 319, 323, 224 P2d 213, 225 P2d 768, wherein Mr. Justice LATOURETTE, speaking for the court, said:

"* * * To give the court jurisdiction in the absence of the consent of the father, two requirements under the law must be fulfilled: (1) willful desertion for one year next preceding the time of the filing of the petition, and (2) neglect to provide proper care, etc., for a like period of time. The court necessarily acquires jurisdiction through the allegations of the petition, and the petition being devoid in the respects pointed out, the court, for want of the father's consent, lacked jurisdiction to order an adoption and properly entered an order of dismissal."

A reading of the foregoing case will show that, while the above quotation standing alone gives some comfort to the appellant, it is not authority that will bolster the appellant's position here. In that case the court was speaking of an entirely different situation from the one which exists here. In that case the mother, who had obtained the custody of the minor child in a divorce proceeding, was deceased. The maternal grandparents sought to adopt their deceased daughter's child. When the mother died, the legal right to the custody

of the child was thereby transferred to the father, and the father's rights to care, custody and control of the child then became paramount to all others. In such a situation, in the absence of a showing that the father had forfeited those rights, his voluntary consent was necessary.

The decree of the trial court is affirmed.