Submitted on record and briefs June 28; resubmitted In Banc November 19, 1996, reversed and remanded with instructions January 29, petition for review allowed May 27, 1997 (325 Or 367)
See later issue Oregon Reports

In the Matter of the Adoption of
Alexander Ferguson Hodges, a Minor Child.

John Norrick MICHELS
and Elizabeth Ann Michels, husband and wife,
*Respondents,*

*v.*

Delbert Loyd HODGES,
*Appellant,*

OPEN ADOPTION FAMILY SERVICES, Inc.,
*Respondent on Appeal,*

*and*

Mary Constance LIPPITT,
nka Mary Constance (Connie) Guardino,
*Objector-Respondent.*

(58-93-07683; CA A88794)

931 P2d 827

In Banc

Philip F. Schuster, II, filed the briefs for appellant.

John Chally and Bouneff & Chally, and Richard D. Cohen, jointly filed the briefs for respondents and respondent on appeal.

Mary Constance Guardino, *pro se*, filed the brief for objector-respondent.

LANDAU, J.

Deits, J., dissenting.

**LANDAU, J.**

At issue in this case is whether a child may be adopted without the consent of his father or satisfaction of any of the exceptions to the consent requirement contained in the adoption statutes. The trial court held that, because father engaged in conduct that would have resulted in termination of his parental rights, neither consent nor satisfaction of any of the statutory exceptions to consent was necessary. The court then entered judgment allowing child's adoption by petitioners. We conclude that the trial court erred in holding that consent or satisfaction of the statutory exceptions to consent was not required. Because consent is a jurisdictional requirement of entry of a judgment of adoption, we reverse and remand with instructions to vacate the judgment.

Petitioners initiated this action with the filing of a "petition for adoption." They alleged that mother surrendered child to Open Adoption and Family Services, Inc., that the agency placed child in the home of petitioners and that mother consented to petitioners' adoption of child. Father objected to the adoption, asserting that the matter could not proceed without his consent. Petitioners responded with an amended petition, in which they alleged that father's consent is not required, because his parental rights are subject to termination under ORS 419B.504 and ORS 419B.506 by reason of his emotional instability and his history of neglect and abuse of his children. Father moved to dismiss the action for lack of subject matter jurisdiction, contending that, under ORS chapter 109, an adoption cannot proceed without either the consent of the parents or satisfaction of any of the exceptions to consent enumerated in that chapter. Petitioners conceded that they had alleged none of the exceptions to consent contained in ORS chapter 109. They argued that the court nevertheless had jurisdiction to proceed with the adoption. According to petitioners, father's consent was not necessary, because they had alleged grounds for termination of his parental rights. The trial court denied father's motion, holding:

> "[T]hose portions of [ORS] Chapter 419 which provide grounds for the termination of parental rights can be [pled]

and proved as a substitute for those grounds set out in [ORS] Chapter 109 so as to provide the necessary grounds for the Court to allow the adoption to proceed without the consent and over the objections of the father."

After trial, the court granted the adoption petition.

On appeal, father contends that the trial court erred in failing to dismiss the proceeding for want of subject matter jurisdiction. He argues, as he did at trial, that without either his consent or satisfaction of one of the exceptions to the consent requirement enumerated in ORS chapter 109, the judgment allowing the adoption is void. Petitioners insist that the trial court did not err, because adoption without consent is permissible upon proof that parental rights should be terminated under ORS 419B.504 or ORS 419B.506.

At the outset, we note that consent to an adoption by parents, guardians or other person *in loco parentis* is a jurisdictional prerequisite to a valid adoption, unless consent is expressly obviated by statute. *Hughes v. Aetna Casualty Co.*, 234 Or 426, 435, 383 P2d 55 (1963). An adoption decreed in the absence of consent is not merely voidable, but is void. *Small v. Andrews*, 20 Or App 6, 8, 530 P2d 540 (1975).

ORS chapter 109 establishes a procedure for adoptions. ORS 109.312(1) provides that "[e]xcept as provided in ORS 109.314 to [ORS] 109.329," the written consent of the parents is required. ORS 109.314 through ORS 109.329, in turn, describe various exceptions to the consent requirement.[1]

---

[1] Those statutes provide for the following exceptions: (1) An adoption may proceed over the objection of a parent lacking legal custody of the child, ORS 109.314; (2) state child-caring agencies acting *in loco parentis* may provide parental consent, ORS 109.316; (3) non-Oregon agencies acting *in loco parentis* may provide parental consent, ORS 109.318; (4) an adoption may proceed over the objection of a parent who has been adjudged mentally ill or mentally deficient and remains so at the time of the adoption proceeding, ORS 109.322; (5) an adoption may proceed over the objection of a parent who has been imprisoned for at least three years under a sentence for a term of not less than three years, ORS 109.322; (6) an adoption may proceed over the objection of a parent believed to have wilfully deserted or neglected the child for the year preceding the adoption petition without just cause, ORS 109.324; (7) an adoption may proceed over the objection of a husband who is not the father of the child, ORS 109.326.

■ ORS chapter 419B establishes a procedure for termination of parental rights. Among other things, the procedure for terminating parental rights includes notice to the parents of the pendency of a termination proceeding. ORS 419B.515. After the appropriate notice and hearing, the court may terminate parental rights upon proof by clear and convincing evidence of extreme conduct, ORS 419B.502, of parental unfitness, ORS 419B.504, of neglect, ORS 419B.506, or of abandonment, ORS 419B.508.

■ In this case, petitioners filed a petition for adoption. They do not allege that father consented to the adoption, however. Nor do they allege that any of the exceptions to consent that are contained in ORS 109.314 to ORS 109.329 have been satisfied; to the contrary, they concede that none of those exceptions apply. ORS 109.312(1) unambiguously states that, "[e]xcept as provided in ORS 109.314 to [ORS] 109.329" each parent's written consent is required. The statute does not say that the termination provisions of ORS chapter 419B provide additional exceptions to the consent requirement. We lack authority to write such an additional exception into the statute. ORS 174.010. It necessarily follows, therefore, that the trial court lacked jurisdiction and that its judgment allowing the adoption is void.

■ Petitioners and the dissent contend that, although ORS 109.312(1) does not expressly mention grounds for termination of parental rights under ORS 419B.504 or ORS 419B.506 as additional exceptions to the consent requirement, we may effectively read such an additional exception into the statute. As authority for that proposition, petitioners and the dissent rely on *dictum* from three Supreme Court cases: *Simons v. Smith*, 229 Or 277, 366 P2d 875 (1961), *Moody v. Voorhies*, 257 Or 105, 475 P2d 579 (1970), and *Eder v. West*, 312 Or 244, 821 P2d 400 (1991). We acknowledge that there is *dictum* in at least the *Eder* decision to support petitioners' and the dissent's position. Nevertheless, because it is *dictum*, and because it is incorrect *dictum* at that, we do not feel impelled to follow it.

In *Simons*, the court addressed the constitutionality of allowing adoptions over the objection of a noncustodial parent following a divorce. The court noted that consent is

required "unless it appears that [the parent] *has lost his rights* because of circumstances covered elsewhere in the code." *Simons,* 229 Or at 288 (emphasis supplied). Elsewhere in the opinion, the court also referred to termination proceedings obviating the need for consent. *Id.* at 279 n 1. Thus the court said, unremarkably, that consent is not required if parental rights have been terminated. That only makes sense; the parent, as the court said "has lost his rights" to insist upon consent before adoption. The court did not, however, say that the parent could lose those rights without a termination proceeding ever having been held and merely by the court, in an adoption proceeding, speculating that the parent *would have* lost those rights *if* such a proceeding had been held.

In *Moody,* the Supreme Court referred to the termination statutes in the same manner. In that case, the court simply observed that allowing an adoption without consent of a parent in accordance with the exceptions contained in ORS chapter 109 has the same effect as terminating parental rights under ORS chapter 419B:

> "Although ORS 109.324 appears to dispense only with the necessity of consent to an adoption, it is apparent that the parental rights of a non-consenting parent are as effectively terminated by the decree entered thereunder as they would have been if the decree were entered under ORS 419.523(2)(b) * * *."

*Moody,* 257 Or at 109. The court went on to say that an adoption may proceed without consent if "the necessity of consent is obviated by a judicial finding that the criteria of * * * ORS 419.523 have been met." *Id.* The court, however, cited its opinion in *Simons* for that proposition. In that context, it becomes clear that the court said only that consent is not required if the parent "has lost his rights" to insist upon consent by virtue of a termination decree.

In *Eder,* the court held that the petitioners had failed to establish any of the exceptions to consent set out in ORS chapter 109. The petitioners argued alternatively that consent was unnecessary, because the mother's parental rights could have been terminated under ORS chapter 419B. The court said that,

> "[p]otentially, petitioners had all of the theories recognized in *Simons v. Smith, supra,* 229 Or at 279, including those they now raise under ORS chapter 419, available to them to prove why mother's consent was not required."

*Eder,* 312 Or at 270. Although the court cited *Simons,* its *dictum* in *Eder* clearly went beyond anything said in the earlier opinion. Moreover, its *dictum* inexplicably failed to cite any actual statutory language for the suggestion that consent in a chapter 109 case may be obviated by a finding that termination would have occurred in a hypothetical termination proceeding under ORS chapter 419B.

█ The *dictum* in *Eder* is wrong. Although it is true that the effect of adoption without consent is the same as termination of parental rights, the fact remains that the evidentiary showing required under one is not the same as the other. For example, under ORS chapter 109, consent is unnecessary if there is proof that the parents wilfully deserted or neglected the child for one year. ORS 109.324. In contrast, to terminate parental rights under ORS chapter 419B, the parents' neglect need not have been wilful if it resulted in a condition that was seriously detrimental to the child for six months. ORS 419B.506. Thus, under the *dictum* in *Eder,* petitioners may avoid the tough standard expressly required under ORS chapter 109 merely by invoking the more lenient standard contained in the termination statute. Aside from that, the court's *dictum* effectively writes into ORS chapter 109 an exception to the consent requirement that the legislature never enacted.

█ We are not bound to follow the Supreme Court's *dictum,* particularly when it is so clearly in error. As we said in similar circumstances in *Coalition for Safe Power v. PUC,* 139 Or App 358, 363, 911 P2d 1272, *rev allowed* 324 Or 229 (1996):

> "Although we are not bound by such *dicta,* we certainly do not believe that it is appropriate to disregard it. Nonetheless, in circumstances where other factors lead us to conclude that the comments expressed in *dicta* are not correct, we will not follow them. This is such a case."

This is another such case.

■ Petitioners alternatively contend that they did not need to satisfy the consent requirement of ORS 109.312(1), because this proceeding involves an adoption agency. According to petitioners, ORS chapter 109 applies only to independent adoptions, not agency adoptions. They contend that this proceeding actually was initiated under ORS chapter 419B, for the purpose of terminating father's parental rights. Assuming for the sake of argument that, by filing their "petition for adoption," petitioners actually initiated a termination proceeding, and that individual parties may initiate such proceedings without the participation of the state, the fact remains that petitioners did not satisfy the procedural requirements for initiating a termination proceeding. ORS 419B.515 expressly provides that the parent whose rights are at issue must receive a summons containing a statement to the effect that his or her parental rights are at stake, that failure to appear may result in termination of parental rights, and that the parent has the right to an attorney and, if indigent, to an attorney appointed at state expense. In this case, there is no dispute that father did not receive such a notice. No termination proceeding, therefore, had been initiated against him by the filing of petitioners' "petition for adoption."

Reversed and remanded with instructions to vacate the judgment allowing adoption.

**DEITS, J.,** dissenting.

The Supreme Court has repeatedly said the opposite of what the majority holds here, and I am unable to agree with the majority that we should decline to follow what that court has said. I would hold that the trial court did not err by concluding that the need for appellant Hodges' consent to the adoption under ORS chapter 109 was obviated by the fact that his conduct came within ORS 419B.504 and ORS 419B.506, and I would affirm.[1]

---

[1] I agree with the majority that Hodges' assignment is reviewable, among other reasons, because it presents the jurisdictional question of consent.

Because I believe that the Supreme Court's opinions should be followed, I express no independent view about the merits of what they say.

At the expense of repeating some of what the majority has said, I will begin by discussing the relevant Supreme Court authority. The court has recognized that the statutes providing for adoption over a nonconsenting parent's objections serve a similar function to that of the termination statutes. *See Eder v. West*, 312 Or 244, 261, 821 P2d 400 (1991); *Simons et ux v. Smith*, 229 Or 277, 366 P2d 875 (1961). Beyond that, in *Simons*, the court specifically included the termination statute, as then codified, in its enumeration of the statutes that could "permit termination of a [nonconsenting] parent's rights" in an adoption proceeding. *Id.* at 279 and n 1.

In *Moody v. Voorhies*, 257 Or 105, 109, 475 P2d 579 (1970), the court described the similarity and relationship between *former* ORS 419.523, the predecessor of the termination provisions that the trial court applied here, and ORS 109.324, one of the provisions in ORS chapter 109 that allows the courts to dispense with consent in adoption proceedings. In the course of that analysis, the court stated even more overtly than it had in *Simons* that the termination statutes are among those that can obviate the need for a parent's consent in an adoption proceeding. The court said:

> "Although ORS 109.324 appears to dispense only with the necessity of consent to an adoption, it is apparent that the parental rights of a non-consenting parent are as effectively terminated by the decree entered thereunder as they would have been if the decree were entered under ORS 419.523(2)(b), which permits a juvenile court on the same grounds to terminate parental rights.

> "The best-interest-of-the-child rule, as applied in determining custody, is applicable to adoptions, but it cannot be considered without the consent required by ORS 109.314, or by a judicial determination that the necessity of consent is obviated by a judicial finding that the criteria of ORS 109.322, or ORS 109.324, *or ORS 419.523* have been met. *Simons et ux v. Smith, supra.*" (Emphasis supplied; footnote omitted.)

Most recently, the Supreme Court reiterated the point in *Eder v. West*, 312 Or 244, 821 P2d 400 (1991). It observed there that, although the petitioners for the adoption

had not relied on the termination statutes in the trial court and, therefore, had not preserved them for appeal:

> "Petitioners also argue that mother's parental rights should be terminated because they are subject to termination under ORS 419.523(2)(a) (extreme conduct; rape or sodomy of the child by the parent); ORS 419.523(3)(a) (conduct or condition: emotional or mental illness); and ORS 419.523(3)(b) (conduct toward any child of a sexual nature). Potentially, petitioners had all of the theories recognized in *Simons [et ux] v. Smith, supra,* 229 Or at 279, including those they now raise under ORS chapter 419, available to them to prove why mother's consent to the adoption was not required. ORS 109.324 contained only two of the available statutory theories. Although the law did not so limit them, petitioners chose to plead only the theories listed in ORS 109.324. They thereby limited themselves to the grounds specified in their pleadings. *See Simons [et ux] v. Smith, supra,* 229 Or at 287 ('In general statutes which dispense with the consent of the natural parent require a pleading and proof of moral fault.')." 312 Or at 270 (footnotes omitted).

There is no ambiguity about the meaning of the Supreme Court's statements in *Simons, Moody* and *Eder,* and they are squarely contrary to what the majority holds here. However, the majority takes the view that those statements are *dicta,* are wrong, and that we need not follow them. I agree that the statements are *dicta,* in each instance. I do not agree that that fact, in itself, provides a proper occasion for this court to depart from what the Supreme Court has said. There are circumstances where it is appropriate for a lower court to reject *dicta* in a higher court's opinions. However, I do not agree that we should follow that practice here, based solely on our substantive disagreement with the Supreme Court's statements in which, *dicta* or not, it is clear that the Supreme Court intended to reflect its understanding of the law.

The majority relies on *Coalition for Safe Power v. PUC,* 139 Or App 358, 911 P2d 1272, *rev allowed* 324 Or 229 (1996). It is correct that, in that case, among the reasons why we declined to follow *dictum* in a Supreme Court opinion was that we regarded it as "wrong." It is also correct that there, as

here, the authority that the court offered for its statement was *dictum* in one of its earlier opinions.

However, even assuming the majority's premise that this case and *Coalition* are analogous in both of those respects, the analogy ends and significant differences begin beyond that point. First, we noted in *Coalition* that it was questionable at best whether what the court said in its second *dictum* rested on an accurate understanding of what it had said in its first. Secondly, we also noted that, in a case decided after the first *dictum* but before the second, the court had said the opposite of what it said in its second *dictum* (which did not cite the intervening case).

By contrast, in each reiteration of the *dicta* in question here, the Supreme Court was clearly cognizant of and accurately repeated and cited what it had said before. Moreover, its reiterations of the point have spanned a period of three decades. It is apparent that, at least as of now, the Supreme Court does not share the majority's view that its *dicta* are wrong.

The majority's reasoning is seductive, but it is also jurisprudentially dangerous. The location of the line between *dicta* and dispositional analysis in judicial opinions is seldom self-evident. Additionally, it is easy to confuse whether statements with which one disagrees are "wrong" or are simply debatable. It is correct that lower courts are not bound by a higher court's erroneous *dicta*; however, in a hierarchical judicial system such as ours, it is not necessarily appropriate for an inferior court to depart from what a higher court has said, simply because the lower court disagrees with the statements and is not precedentially required to follow them. In this case, the courts, the public and the parties are entitled to rely on what the Supreme Court has said—and meant— three times.

I respectfully dissent.

Richardson, C. J., and Riggs and Haselton, JJ., join in this dissenting opinion.