Argued and submitted November 6, 1997, decision of the Court of Appeals affirmed; judgment of the circuit court reversed, and case remanded to the circuit court with instructions to dismiss March 26, 1998

In the Matter of the Adoption of
Alexander Ferguson Hodges, a Minor Child.

John Norrick MICHELS
and Elizabeth Ann Michels,
husband and wife,
*Petitioners on Review,*

*v.*

Delbert Loyd HODGES,
*Respondent on Review,*

OPEN ADOPTION AND FAMILY SERVICES, INC.
*Petitioner on Review,*

*and*

Mary Constance LIPPITT,
nka Mary Constance Guardino,
*Respondent.*

(CC 58-93-07683; CA A88794; SC S44137)

956 P2d 184

John Chally, of Bouneff & Chally, Portland, argued the cause for petitioners on review John and Elizabeth Michels and filed the joint petition for petitioners on review John and Elizabeth Michels and Open Adoption and Family Services, Inc. With him on the petition was Richard D. Cohen, Portland.

Richard D. Cohen, Portland, argued the cause for petitioner on review Open Adoption and Family Services, Inc.

Philip F. Schuster, II, of Dierking & Schuster, Portland, argued the cause and filed the brief for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, Durham, and Kulongoski, Justices.**

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision.

GILLETTE, J.

**GILLETTE, J.**

In this adoption proceeding under ORS chapter 109, the issue before the court is whether adoptive parents may plead and prove, as a substitute for the consent of one of the birth parents, that grounds for termination of the parental rights of that birth parent exist under ORS chapter 419B. The trial court held that proof of grounds for termination under ORS chapter 419B is a lawful alternative to parental consent and, having found grounds for termination under both ORS 419B.504 and 419B.506, the trial court allowed the adoption to proceed without the consent of, and over the objections of, the biological father. On appeal by father, a divided Court of Appeals, sitting in banc, reversed, holding that the existence of grounds for termination under ORS chapter 419B is not among the six alternatives to parental consent expressly set forth in ORS chapter 109 and that the court lacks authority to rewrite that statute. *Michels v. Hodges*, 146 Or App 128, 931 P2d 827 (1997). We allowed review and now affirm the decision of the Court of Appeals.

The facts of the case are not in dispute. Father and mother were married twice, first in 1965 and again in 1971. They had three children, two daughters who are now grown and a son, Alexander, now 11 years old, who is the subject of this adoption proceeding. Mother has had a long history of mental illness, that had a severely detrimental effect on all three children. Indeed, the trial court found that both of the daughters were "extremely disturbed young adults." Mother and father divorced in 1987, and the parties were awarded joint legal and physical custody of Alexander. After the dissolution, the child lived primarily with mother, but also spent substantial periods of time with father.

By March 1993, mother's condition deteriorated to such a point that she decided to put Alexander up for adoption. She signed a form consenting to his adoption and surrendered him, for the purpose of adoption, to a state-licensed adoption agency, Open Adoption and Family Services, Inc. The agency immediately placed Alexander with the Michels, a couple who desired to adopt him. In May 1993, the Michels filed a petition for adoption, alleging mother's consent. The

petition was silent on the subject of father's consent. Although the petition was not served on father, he learned of its existence and moved to dismiss the petition, based on lack of jurisdiction.

The Michels sought and were granted leave to amend the adoption petition and, in May 1994, the Michels filed an amended petition for adoption, alleging that father's consent is not required because, "[p]ursuant to 419B.504, [father] is unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into his home is improbable in the foreseeable future due to conduct or conditions not likely to change" and, "[p]ursuant to ORS 419B.506, [father] has failed and neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child for a period of at least six months prior to the filing of the petition for adoption."

Father filed a motion pursuant to ORCP 21 to dismiss the amended petition, asserting that, because he had not consented to the adoption, any jurisdiction to proceed must be found—if at all—in one of the statutory exceptions to father's consent found in ORS chapter 109. He argued that the grounds for termination under ORS chapter 419B do not constitute jurisdictional substitutes for his consent under chapter 109 and, furthermore, that none of the exceptions that were set forth expressly in chapter 109 was alleged in the petition for adoption. It followed, he argued, that the trial court had no jurisdiction over the matter.

The trial court denied the motion, holding that grounds for termination under ORS chapter 419B can be pleaded and proved as a substitute for the grounds set out in ORS chapter 109, thereby providing a factual basis for jurisdiction to proceed with the adoption. The case went to trial and, at its conclusion, the court found that father was unfit and had neglected the child for a period of six months preceding the filing of the petition for adoption. The court concluded that, under those circumstances, father's consent was not necessary to the adoption. The court terminated father's parental rights and granted the Michels' petition to adopt the child.

As noted, father appealed to the Court of Appeals, which reversed. The adoptive parents then petitioned this court for review, contending that the Court of Appeals erred in failing to follow this court's precedents, *viz.*, *Eder v. West*, 312 Or 244, 821 P2d 400 (1991); *Moody v. Voorhies*, 257 Or 105, 475 P2d 579 (1970); and *Simons et ux v. Smith*, 229 Or 277, 366 P2d 875 (1961), which, they assert, allow the pleading and proving of grounds for termination under ORS chapter 419B to operate as a jurisdictional substitute for the alternatives to a parent's consent permitted under ORS chapter 109. In its decision below, the Court of Appeals acknowledged the existence of wording in those cases that supported the adoptive parents' position, but labeled that wording *dictum* (and "incorrect *dictum* at that"), *Michels*, 146 Or App at 132, and refused to follow it. *Michels*, 146 Or App at 134.[1] We allowed review to examine ORS chapter 109 and to explore whether, in its previous decisions, this court has interpreted that chapter to include grounds for termination under ORS chapter 419B as an additional alternative to a parent's consent to an adoption.

■ Adoption is purely a creation of statute; it was unknown at common law. *Eder*, 312 Or at 260; *Zockert v. Fanning*, 310 Or 514, 517, 800 P2d 773 (1990). This court long has held that all jurisdictional requirements of the adoption statute must be met. *See, e.g., Burrell et ux v. Simpson*, 203 Or 472, 474, 280 P2d 368 (1955); *Williams et ux v. Capparelli*, 180 Or 41, 44, 175 P2d 153 (1946) (both so holding); *see also Eder*, 312 Or at 260 ("In a contested adoption, the requirement that the court find by clear and convincing evidence an express statutory exception to the consent requirement is a matter of extreme importance.").

■■ In *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), this court set out the statutory interpretation process that Oregon courts follow. The court recognized three levels of judicial inquiry in the search for the object of statutory interpretation, *viz.*, legislative intent. 317

---

[1] Judges Deits, Richardson, Riggs, and Haselton dissented on the grounds that this court, in *Eder*, *Moody*, and *Simons*, either held or strongly suggested that grounds for termination can be pleaded and proved as a substitute for parental consent in an adoption case. *Michels*, 146 Or App at 135-38.

Or at 610-12. At the first level of inquiry, the court examines the text and context of statutory wording. *Id.* at 610-11. Among the rules applied at this level is the rule that, in interpreting a statute, a court should neither insert in a statute what has been omitted nor omit what has been inserted. *Id.* at 611 (citing ORS 174.010). We turn to the statutory text.

The adoption statute, ORS 109.312, requires the written consent of both biological parents to the adoption, "[e]xcept as provided in ORS 109.314 to 109.329." ORS 109.314 to 109.329 list six exceptions to the consent requirement. A biological parent's consent is not necessary when (1) that parent does not have legal custody of the child after a dissolution proceeding, ORS 109.314; (2) the parent surrenders the child to the State Office for Services to Children and Families or to an approved child-caring agency of the state for the purpose of adoption or the child is permanently committed to either agency by the court, ORS 109.316; (3) an agency outside the state has authority to consent *in loco parentis*, ORS 109.318; (4) the parent has been adjudged mentally ill or mentally deficient or has been imprisoned for at least three years, ORS 109.322; (5) the parent has willfully deserted or neglected the child for one year prior to the filing of the petition for adoption, ORS 109.324; or (6) the husband is not the father of the child, ORS 109.326. In summary, the text states that consent of the biological parents, or a statutory substitute for that consent, is the jurisdictional foundation on which the adoption statute is based. *See Burrell*, 203 Or at 474-75 (announcing principle).

Also considered at the first level of analysis under *PGE* is the statutory context. We have found no contextual statute that creates any question whether ORS 109.312 to 109.326 presents a complete summary of the prerequisites to the adoption process.

■ The Michels concede that none of those statutory alternatives to father's consent has been satisfied in this case to date. It also is plain that the adoption statute does not provide that a parent's consent is unnecessary when there are grounds for terminating that parent's parental rights under ORS chapter 419B, but termination has not yet occurred.

■ Finally, and also at the first level of analysis, this court looks to its previous case law, when that case law has construed authoritatively the relevant statutory wording. *See Redman Industries, Inc. v. Lang*, 326 Or 32, 35, 943 P2d 208 (1997) (stating principle). The Court of Appeals' opinions focused on whether this court's earlier statements concerning ORS 109.312 were authoritative, a question to which we now turn.

As noted, both opinions in the Court of Appeals focused on statements that this court had made in *Eder*, *Moody*, and *Simons*. We have examined each of those opinions, but conclude that nothing said in any of them would alter the result reached by the Court of Appeals' majority in this case. The reason is a key factual distinction that went unnoticed in the Court of Appeals: In each of those cited cases, the trial court had jurisdiction over the adoption *because one of the express exceptions to parental consent, viz.*, ORS 109.314, was satisfied.[2] That is, *in each case*, the non-consenting parent did not have legal custody of the child.[3] As this court stated in *Eder*, in an "adoption *controlled by ORS 109.314*, such as this case, a court has subject-matter jurisdiction notwithstanding the lack of consent by an objecting parent." 312 Or at 260 (emphasis added). *See also Moody*, 257 Or at 108-09; *Simons*, 229 Or at 278-79 (both demonstrating the factual distinction). Such subject-matter jurisdiction is lacking in the present case, because the consenting parent also had custody. Our previous decisions thus provide no legal justification for reading another basis for jurisdiction into the adoption statute.

---

[2] ORS 109.314 provides:

"If the legal custody of the child has been awarded in divorce proceedings, the written consent of the person to whom custody of the child has been awarded may be held sufficient by the court; but, unless the parent not having custody consents to the adoption, a citation to show cause why the proposed adoption shall not be made shall be served in accordance with ORS 109.330 upon the parent not having the custody, and the objections of such parent shall be heard if appearance is made. This section does not apply where consent is given in loco parentis under ORS 109.316 or 109.318."

[3] The Court of Appeals simply was incorrect when it stated, below, that "[i]n *Eder*, the court held that the petitioners had failed to establish any of the exceptions to consent set out in ORS chapter 109." *Michels*, 146 Or App at 133.

It is clear from a careful reading of *Eder*, *Moody*, and *Simons* that this court never has held that the existence of grounds for termination of a person's parental rights under ORS chapter 419B, in itself, *confers* subject-matter jurisdiction over an adoption on a trial court. Rather, those cases stand for the proposition that the ORS chapter 419B termination criteria may be used to establish "conduct grave enough to justify forfeiture of parenthood," thereby allowing an adoption to proceed over the objections of a noncustodial parent, when the court already *has* subject-matter jurisdiction under ORS 109.314. The Court of Appeals' contrary interpretation of this court's prior case law in this regard is incorrect.

From the foregoing, it follows that the meaning of the relevant statutory text is "clear" at the first level of the *PGE* analysis. A court has subject-matter jurisdiction to entertain a petition for adoption only if one of the criteria in ORS 109.312 to 109.329 is present. The petition for adoption in this case failed to allege grounds that conferred jurisdiction on the trial court. The petition for adoption should have been dismissed.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court with instructions to dismiss.