Argued and submitted March 6, affirmed October 4, 2000

In the Matter of the Adoption of
Guy Thomas Kerby, a Minor Child.

David Daniel CARSON,
*Appellant,*

*v.*

Kym Marie CARSON
and Guy Thomas Kerby, a minor child,
*Respondents.*

(A970501; CA A107379)

13 P3d 523

M. Scott Leibenguth argued the cause for appellant. With him on the brief was Johnston & Root.

No appearance for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Petitioner David Carson appeals from the trial court's order denying his motion to vacate a 1997 adoption judgment. He argues that because the notice requirements of the Indian Child Welfare Act of 1978 (ICWA), 25 USC § 1901 *et seq.* (1994), were not met, the trial court had no jurisdiction to enter the judgment of adoption. We affirm.

Mother is an enrolled member of the Klamath Tribe. Father is not Native American. Their child was born in 1989 and is eligible for enrollment in the Klamath Tribe. Mother and father divorced in 1991. Mother married petitioner in 1997, and they filed a petition to permit him to adopt her child. Because father could not be located, they served him by publication.[1] Pursuant to ICWA, mother and petitioner also notified the Klamath Tribe of the proposed adoption. The trial court terminated father's parental rights and entered a judgment of adoption.

Mother and petitioner later divorced. Following their divorce, petitioner sought to vacate the judgment of adoption.[2] He argued that, under section 1912 of ICWA, father should have been notified by registered mail of the adoption proceeding and that, if father could not be located, ICWA required that the Secretary of the Interior be notified by registered mail. Petitioner argued that, because neither father nor the Secretary had been notified by registered mail, the trial court lacked jurisdiction and that the adoption decree was void. The trial court denied father's motion. It stated:

> "[N]otice was appropriately given to the Klamath Tribe, in which the mother is enrolled, before the parental rights of the natural father, Brian Scott Kerby, were terminated and the Decree of Adoption was signed. The court concludes that as a matter of law the natural father was adequately

---

[1] The trial court entered an order allowing service by publication and waiving the service requirements set out in ORS 109.309(6)(b).

[2] Child initially filed the motion to vacate the 1997 judgment of adoption. Petitioner then filed a memorandum in support of the motion. As discussed below, however, neither child nor mother has joined petitioner in this appeal.

notified of this proceeding pursuant to the Indian Child Welfare Act, 25 USC § 190[1] *et seq.*"

(Some capitalization omitted.) Petitioner filed a notice of appeal from the trial court's order denying the motion to vacate. Neither mother nor child filed a notice of appeal.

On appeal, petitioner repeats his argument that, because the trial court failed to comply with section 1912(a) of ICWA, it lacked jurisdiction to enter an adoption judgment. Section 1912(a) provides, in relevant part:

"In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No * * * termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or Secretary."

25 USC § 1912(a). The child in this case is an Indian child within the meaning of ICWA. *See* 25 USC § 1903(4). Because father was not notified by registered mail, he did not receive the notice that section 1912(a) requires before his parental rights were terminated. Although section 1912(a) would have been satisfied if the Secretary of the Interior had been notified by registered mail, the Secretary was not notified.[3]

In section 1914, ICWA provides the remedy for a failure to comply with section 1912 and also specifies who may invoke that remedy. It provides:

---

[3] We note that the rules implementing 25 USC § 1912 place a more restrictive interpretation on the words of that statute than their plain language suggests. *See* 25 CFR § 23.11(a) (specifying that notice is only required for "Indian parents"). We need not decide whether the rules are consistent with the statute. As explained below, even if the statute requires notice to non-Native American parents, petitioner may not invoke the remedy the statute provides.

"Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title."

25 USC § 1914. Under section 1914, three classes of persons—the Indian child, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe—may collaterally attack a prior action for failure to comply with sections 1911, 1912, and 1913 of ICWA. Therefore, in the present case, child was authorized to move to vacate the judgment of adoption for failure to comply with section 1912(a). However, the trial court denied child's motion, and child did not appeal. Only petitioner appealed.

■ ■ Petitioner does not fall within one of the three classes of persons who are, in effect, given standing in section 1914 to challenge the 1997 adoption judgment for a failure to comply with section 1912. Petitioner is not a "parent" within the meaning of ICWA.[4] Moreover, even if petitioner were a parent, he is not a "parent * * * from whose custody the child was removed." *See Matter of S.C.*, 833 P2d 1249, 1254 (Okla 1992) (Native American father who had not had custody of the child could not invoke section 1914). Because the remedy found in section 1914 does not extend to petitioner, he is not entitled to appeal the trial court's refusal to vacate the 1997 adoption judgment.

Petitioner, however, argues that the failure to comply with ICWA deprived the trial court of either subject matter or personal jurisdiction to approve the adoption and that anyone may raise a jurisdictional issue at any time. The Supreme Court of South Dakota has held that the failure to comply with ICWA's notice provisions divests a state court of jurisdiction over a child custody proceeding, *see Matter of*

---

[1] Under ICWA, " '[p]arent' means any biological parent or parents of an Indian child or any Indian parent who has lawfully adopted an Indian child." 25 USC § 1903(9). Petitioner is not child's biological parent. Although petitioner has lawfully adopted a Native American child, he has not alleged that he is Native American. He thus does not qualify under either branch of the definition.

*N.H.*, 418 NW2d 310, 311 (SD 1988), and the Iowa Court of Appeals has followed *Matter of N.H.*, at least as an alternative ground for its holding, *see In Interest of J.W.*, 498 NW2d 417, 419-20 (Iowa App 1993). There is some question whether the South Dakota Supreme Court's jurisdictional ruling in *Matter of N.H.* is correct.[5] More to the point, however, neither the South Dakota case nor the Iowa case that followed it involved a collateral attack on a trial court judgment brought by a party not included in section 1914. Those opinions make no mention of the central issue in this case—that is, whether a person who does not fall within one of the classes listed in section 1914 may bring a collateral challenge to an adoption judgment because of a failure to comply with section 1912 of ICWA.

■ ■ The courts that have specifically considered this issue have concluded that the privilege of invoking section 1914 to invalidate state court proceedings is limited to the named classes of persons and that a trial court action that does not comply with ICWA is not subject to unlimited collateral challenges. *See In the Matter of Adoption of a Child of Indian Heritage*, 111 NJ 155, 543 A2d 925 (1988) (concluding that noncustodial parent could not invalidate trial court action because he did not fall within language of section 1914); *Matter of S.C.*, 833 P2d at 1254 (same); *In re Baby Boy D*, 742 P2d 1059 (Okla 1985), *cert den Harjo v. Duello*, 484 US 1072 (1988) (same); *see also In re Pedro N.*, 35 Cal App 4th 183, 190, 41 Cal Rptr 2d 819 (1995) (holding that section 1914 does not allow a Native American mother who was involved

---

[5] The South Dakota Supreme Court stated that "ICWA is primarily a jurisdictional statute" and cited a portion of the legislative history of ICWA to support its statement. 418 NW2d at 311. The legislative history the court cited, however, refers to a United States Supreme Court case holding that state courts have an obligation to enforce federal substantive rights if they have jurisdiction over the subject matter. *See Second Employers' Liability Cases*, 223 US 1, 56-57, 32 S Ct 169, 56 L Ed 327 (1912); *accord Testa v. Katt*, 330 US 386, 67 S Ct 810, 91 L Ed 967 (1947). Far from establishing that Congress intended to impose jurisdictional requirements on the state courts, the reference in the legislative history to *Second Employers' Liability Cases* shows only that Congress intended that state courts would enforce the substantive federal rules if the state courts otherwise had jurisdiction. We recognize that section 1911 of ICWA allocates jurisdiction between the state and tribal courts, but the legislative history on which the court relied in *Matter of N.H.* does not suggest that the notice requirements set out in section 1912 are jurisdictional.

in child custody proceeding to challenge the trial court's decision based on section 1912 notice defects "well after the disputed action is final").

We agree with those cases. Having imposed federal requirements on state court actions in section 1912, Congress may also limit the persons who can challenge the failure to comply with those statutory requirements. If Congress intended that a trial court judgment be void, instead of merely voidable, for a failure to comply with section 1912(a), it could have included language to that effect. Instead, section 1914 provides a clear remedy for a failure to comply with the notice provisions and names the parties who can pursue that remedy.

■ The legislative history leads to the same conclusion. An early version of ICWA, Senate Bill 1214, provided that no placement made in violation of ICWA "shall be valid or given any legal force and effect * * *." *Hearing Before U.S. Senate Select Committee on Indian Affairs: Hearings on S. 1214*, 95th Cong, 1st Sess, at 29 (August 4, 1977). Before enactment, however, that provision was deleted, and what is now section 1914 was added. *See* H Rep No 1386 at 23 (1978), *reprinted in* 1978 US Code Cong & Ad News 7530. That change buttresses our conclusion that a failure to comply with section 1912(a) does not render the trial court's action void but rather makes it subject to collateral attack by the three classes of persons listed in section 1914. Because petitioner does not fall within one of those classes, he is not entitled to challenge the 1997 adoption judgment and is not entitled to pursue this appeal unilaterally.[6]

■ In his brief, petitioner also argues that "[t]he court lacked *personal* jurisdiction in this matter because proper

---

[6] Relying on *Michaels v. Hodges*, 146 Or App 128, 131-32, 931 P2d 827 (1997), petitioner also argues that, in the absence of father's consent to the adoption, the trial court lacked jurisdiction. *Michaels* explains, however, that "consent [may be] obviated by statute." *Id.* at 131. ORS 109.324 provides:

"[I]f the court finds that such parent has willfully deserted or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of such parent at the discretion of the court is not required[.]"

Because the trial court made the finding in the judgment of adoption that ORS 109.324 requires, petitioner's reliance on *Michaels* is misplaced.

notice under [section 1912(a)] was not provided to the biological father. Therefore, the court lacked authority to grant the adoption decree ordered March 8, 1997 and said decree is void." (Emphasis added.) We are not persuaded by petitioner's argument. Father was served by publication because his location was unknown, which is permitted by ORCP 7 and the Due Process Clause. *See* ORCP 7 D(6)(a); *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306, 315, 70 S Ct 652, 94 L Ed 865 (1950) (service by publication is reasonably calculated to provide notice when other means, such as personal service or service by mail, are unavailable). Oregon's adoption statutes also provide for notice by publication when a parent cannot be located. *See* ORS 109.330(1). In this case, notice by publication was sufficient to obtain personal jurisdiction over father; notifying the Secretary of the Interior as provided in section 1912(a) was not necessary to achieve that goal. Petitioner never explains why notice to the Secretary would have given the trial court personal jurisdiction over father if it had otherwise lacked it.[7]

Section 1914 provides the complete remedy for a failure to comply with section 1912. That remedy is not available to petitioner.

Affirmed.

---

[7] Because the Secretary of the Interior serves as trustee for the tribes, *see California v. Cabazon Band of Mission Indians*, 480 US 202, 217, 107 S Ct 1083, 94 L Ed 2d 244 (1987), serving the Secretary may serve other goals. It may protect the tribal and cultural interests that are at the heart of ICWA, *cf. State ex rel Juv. Dept. v. England*, 292 Or 545, 551-52, 640 P2d 608 (1982) (identifying purposes of ICWA), or it may be a means for providing notice to Native American parents, *see* 25 CFR § 23.11(f) (specifying how Secretary shall attempt to locate and provide notice to Native American parents). Father, however, is not Native American. Notice to the Secretary would not have constituted notice to father.