Submitted May 13, affirmed July 15, 2009

In the Matter of
the Adoption of C. L. M., II,
a Minor Child.

W. E. F.
and M. R. F.,
*Appellants,*

*v.*

C. L. M., Sr.,
*Respondent.*

Jackson County Circuit Court
086624B2; A140773

213 P3d 580

Hornecker, Cowling, Hassen & Heysell, L.L.P., and Stefanie L. Burke filed the brief for appellants.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

WOLLHEIM, J.

Appellants (petitioners) appeal from the trial court's judgment of dismissal of their petition to adopt child. Respondent (father) did not consent to the adoption and moved to dismiss on the grounds that the trial court could not proceed with an adoption without the written consent of an incarcerated parent, unless that parent has already served at least three years of incarceration. ORS 109.322(1). For the reasons that follow, we affirm.

In August 2008, petitioners filed a petition to adopt child. The petition alleged that (1) one of the petitioners is child's maternal aunt; (2) child's father murdered child's mother in August 2006; (3) father is currently incarcerated and serving a mandatory minimum sentence of 120 months for murdering child's mother; and (4) petitioners have had physical custody of child since September 2006. The petition did not identify a particular statutory basis for the adoption. The trial court issued an order to father to show cause why a judgment allowing the adoption should not be entered. Because petitioners had not obtained father's written consent to the adoption, they served father with the petition, an order to show cause, and a summons.[1] Father appeared and did not consent to the adoption. In addition, father moved to dismiss the petition. An affidavit in support of the motion stated that, although father was imprisoned, he had served only approximately 18 months as of the time of the petition and, therefore, the petition was not ripe for adjudication.

In response to the motion to dismiss, petitioners cited ORS 109.312, ORS 109.322, and ORS 109.324. Petitioners argued that, even though father had not served three years, the petition should not be dismissed. Petitioners argued that the court had jurisdiction and that they should be allowed to present their evidence as to why the adoption would be in the best interests of the child. Father replied that ORS 109.322 requires that a parent be incarcerated for three years before an adoption proceeding could proceed. The trial

_____

[1] ORS 109.330 provides that a summons in a specified form must be served on a nonconsenting parent in an adoption proceeding.

court agreed with father, stating that, "[w]hen the only surviving parent of a child is in prison, meeting the statutory requirements of ORS 109.322 is jurisdictional. To successfully petition for the adoption of a child of an incarcerated parent, a petitioner must prove the jurisdictional requirements of ORS 109.322 and another statutory ground for termination of parental rights." Petitioners appeal.[2]

▪▪▪ Adoption was unknown at common law and is purely a creation of statute. *Michels v. Hodges*, 326 Or 538, 543, 956 P2d 184 (1998). The "jurisdictional foundation" of the adoption statute depends on the "consent of the biological parents, or a statutory substitute for that consent." *Id.* at 544. The statutory substitutes for consent are provided at ORS 109.314 to 109.329. ORS 109.312(1).

The issues on appeal are (1) whether the allegations in the petition established that the trial court had "jurisdiction" and, (2) if they did, whether the trial court erred in concluding that, when a nonconsenting parent is incarcerated, the petitioner must establish that the requirements of ORS 109.322 have been satisfied and allege another statutory ground for terminating the rights of the nonconsenting parent.

Before considering petitioners' arguments, we first consider the use of the term "jurisdiction" to describe the trial court's conclusion that petitioners did not establish jurisdiction. "Jurisdiction" in this context refers to *subject matter* jurisdiction.[3] *Michels*, 326 Or at 545-46.

In *Michels*, the petition for adoption pleaded that the father's consent to adoption was not necessary because the father was unfit as defined in ORS 419B.504 and had neglected the child as defined in ORS 419B.506. The father moved to dismiss the petition, arguing that the trial court lacked jurisdiction because none of the statutory exceptions to the father's consent contained in ORS chapter 109 had been alleged. The trial court denied the motion, and, on appeal, the Supreme Court reversed the trial court and

---

[2] Respondent did not appear on appeal.

[3] Although it may be anomalous to use the term "jurisdiction" in this manner, we follow the Supreme Court's usage of that term.

remanded the case with instructions to dismiss the petition for adoption. The court held:

"A court has subject-matter jurisdiction to entertain a petition for adoption only if one of the criteria in ORS 109.312 to 109.329 is present."

*Id.* at 546. Because the petition had failed to allege grounds that gave the trial court subject matter jurisdiction, the petition for adoption was dismissed. *Id.*

■       This court's decisions in *Daniel v. Naylor*, 192 Or App 1, 84 P3d 819 (2004), and *Moran v. Weldon*, 184 Or App 269, 57 P3d 898 (2002), *rev den*, 335 Or 195 (2003), are consistent with *Michels*. In *Moran*, the issue was whether a petition for adoption that solely relied on the parent's incarceration, ORS 109.322(1), when properly construed, was consistent with the fundamental right to parent as identified in *Troxel v. Granville*, 530 US 57, 120 S Ct 2504, 147 L Ed 2d 49 (2000). *Moran*, 184 Or App at 273. We interpreted ORS 109.322(1) as requiring a petitioner to establish both a three-year period of incarceration, as required by ORS 109.322(1), and a separate ground for adoption or termination of parental rights. *Moran*, 184 Or App at 275. We reasoned that to allow adoption on the ground of incarceration alone would "raise serious constitutional issues," based on a fundamental right that prevents the court from awarding custody to a non-biological parent based solely on the best interests of the child. *Id.* at 273-75.

In *Daniel*, the trial court granted a petition for adoption and the mother appealed. She argued that the trial court erred in considering only the fact that she was incarcerated. *Daniel*, 192 Or App at 5. Specifically, the mother argued that, because the petition was filed before the child was three years old,[4] the trial court lacked jurisdiction under ORS 109.322(1). We rejected that argument. We held that the statute imposed three requirements that must be satisfied *at the time that the petition is filed*: (1) the person must be a parent; (2) the person must be incarcerated for a sentence of more than three years; and (3) the person must have actually served not less than three years of that sentence. *Id.* at 6. We

---

[4] The child was born while mother was incarcerated.

reversed and remanded to the trial court for it to determine whether all of the jurisdictional requirements of ORS 109.322(1) were met.

With that legal context in mind, we turn to petitioners' arguments. Petitioners argue that they do not need father's consent if they can satisfy one of the statutory exceptions to the consent requirement. Petitioners argue that they do not rely on ORS 109.322(1), because father had not actually served three years of incarceration when the petition was filed. In addition, petitioners argue that, at the time of the hearing on the motion to dismiss, they alleged their intent to proceed under ORS 109.324 and the trial court erred in not considering that statute in regard to establishing jurisdiction.

Because petitioners expressly waive any reliance on ORS 109.322(1), we do not further consider the later statute. Instead, we turn to ORS 109.324, which provides, in part:

> "(1)   If a parent is believed to have willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, and if the parent does not consent in writing to the adoption, the petitioner, in accordance with ORS 109.330, shall serve on the parent a summons and a motion and order to show cause why the adoption of the child should not be ordered without the parent's consent.

> "(2)   Upon hearing * * *, if the court finds that the parent has willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of the parent at the discretion of the court is not required and, if the court determines that the parent's consent is not required, the court may proceed regardless of the objection of the parent."

Petitioners did not allege in their petition the elements of *any* statutory exception that would allow the adoption without father's consent. On appeal, petitioners argue that ORS 109.309 does not require that a party specify the statutory exception to father's consent. It may be that ORS 109.309 does not *expressly* require that a petition specifically

plead the facts necessary to establish the grounds for the statutory exception on which petitioners rely. But that does not mean that petitioners need not plead the statutory exception on which they intend to rely. For example, in *Michels*, the Supreme Court dismissed the petition, in part, because it "failed to allege grounds that conferred jurisdiction on the trial court." 326 Or at 546. In this case, because petitioners did not plead the facts necessary to establish any statutory exception that would have allowed the adoption without father's consent, the petition did not contain a plain and concise statement of the claim. ORCP 16 B. Nor does petitioners' response to a motion to dismiss constitute a plain and concise statement of their claim.[5] The trial court did not err in dismissing the petition.

Affirmed.

---

[5] The allegations in the petition that father murdered child's mother and that father was incarcerated for that offense do not set forth facts necessary to constitute willful desertion or neglect as defined in ORS 109.324. *Cf. C. R. H. v. B. F.*, 215 Or App 479, 485-86, 169 P3d 1286, *rev den*, 343 Or 690 (2007) (concluding that criminal conduct by itself does not meet the standards defined in ORS 109.324). If petitioners intended to rely on ORS 109.324 as a statutory exception to father's consent, they could have sought to file an amended petition. There is no evidence in this record that petitioners ever asked to file an amended petition, either before or after the trial court granted the motion to dismiss.