[No. B139748. Second Dist., Div. Six. Dec. 26, 2000.]

Guardianship of ELAN E., a Minor.
LOUIS E. et al., Petitioners and Appellants, v.
ELAN E., Respondent;
ANDREW M. WOLF, Claimant and Respondent.

**COUNSEL**

Wolpert & Niedens, Marsha Niedens; Lascher & Lascher and Wendy C. Lascher for Petitioners and Appellants.

Andrew M. Wolf, in pro. per., and for Respondent.

**OPINION**

**YEGAN, Acting P. J.**—This case presents the question whether, in a guardianship proceeding, grandparents may be compelled to pay an indigent minor's attorney's fees and costs. Louis and Patricia E. (grandparents) were successful in their petition to be appointed guardian of their grandchild, who was represented by court-appointed private counsel. They appeal from an order requiring them to pay the grandchild's attorney's fees and costs. Grandparents contend that, pursuant to Probate Code section 1470, the order was unauthorized because they are not the minor's parents.[1] We agree and reverse.

*Facts*

Counsel accepted the appointment acknowledging that he would not be compensated for his services because both the grandchild and his parents

---

[1]All statutory references are to the Probate Code unless otherwise stated.

were indigent. Counsel initially interpreted section 1470 as precluding the court from requiring a nonparent to pay the grandchild's attorney's fees. On several occasions, he stated in open court that he was appearing "pro bono."

Nevertheless, after grandparents' petition was granted, counsel moved to compel them to pay the grandchild's attorney's fees and costs. Counsel reinterpreted section 1470 as allowing such an order. The probate court ordered grandparents to pay attorney's fees and costs of $15,000.[2]

### Section 1470

Section 1470 provides: "(a) The court may appoint private legal counsel for a ward, a proposed ward, a conservatee, or a proposed conservatee in any proceeding under this division if the court determines the person is not otherwise represented by legal counsel and that the appointment would be helpful to the resolution of the matter or is necessary to protect the person's interests.

"(b) If a person is furnished legal counsel under this section, the court shall, upon conclusion of the matter, fix a reasonable sum for compensation and expenses of counsel. The sum may, in the discretion of the court, include compensation for services rendered, and expenses incurred, before the date of the order appointing counsel.

"(c) The court shall order the sum fixed under subdivision (b) to be paid:

"(1) If the person for whom legal counsel is appointed is an adult, from the estate of that person.

"(2) If the person for whom legal counsel is appointed is a minor, by a parent or the parents of the minor or from the minor's estate, or any combination thereof, in any proportions the court deems just.

"(d) The court may make an order under subdivision (c) requiring payment by a parent or parents of the minor only after the parent or parents, as the case may be, have been given notice and the opportunity to be heard on whether the order would be just under the circumstances of the particular case."

### Trial Court Ruling

The probate court concluded that "parent" as used in the statute "has to be interpreted liberally to include a guardian, such as a grandparent or other

---

[2]At oral argument, counsel for the grandchild advised us that the trial court is making similar orders in other guardianship cases.

relative, or even a party unrelated by blood. The omission of a non-parent guardian as a source of attorney's fees in a guardianship case is clearly a legislative oversight." The court reasoned that in some cases it may be an abuse of discretion for the court not to appoint counsel to represent the minor, and "section 1470 clearly does not anticipate an appointment of counsel for the minor who will be required to serve on a 'pro bono' basis."

### Legislative Intent

■ "[T]he intent of the Legislature is the end and aim of all statutory construction [citations]." (*Title Ins. & Trust Co. v. County of Riverside* (1989) 48 Cal.3d 84, 95 [255 Cal.Rptr. 670, 767 P.2d 1148].) The court's function " 'is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . .' [Citation.] 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." ' [Citation.] Therefore, if a statute is unambiguous, it must be applied according to its terms. Judicial construction is neither necessary nor permitted." (*Ventura County Deputy Sheriffs' Assn. v. Board of Retirement* (1997) 16 Cal.4th 483, 492-493 [66 Cal.Rptr.2d 304, 940 P.2d 891].) On the other hand, "[w]e need not follow the plain meaning of a statute when to do so would 'frustrate[] the manifest purposes of the legislation as a whole or [lead] to absurd results.' [Citations.]" (*California School Employees Assn. v. Governing Board* (1994) 8 Cal.4th 333, 340 [33 Cal.Rptr.2d 109, 878 P.2d 1321]; accord, *People v. Pecci* (1999) 72 Cal.App.4th 1500, 1507 [86 Cal.Rptr.2d 43]; *People v. Buena Vista Mines, Inc.* (1996) 48 Cal.App.4th 1030, 1034-1035 [56 Cal.Rptr.2d 21]; *Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1698-1699 [8 Cal.Rptr.2d 614].)

■ Section 1470 is unambiguous and provides no authority for compelling a nonparent to pay guardianship attorney's fees and costs. The section provides authority for compelling only the minor's parents or the minor's estate to pay this expense. (§ 1470, subd. (c)(2).) "Parent" is defined in section 54 as "any individual entitled to take as a parent under this code by intestate succession from the child whose relationship is involved." A grandparent does not qualify as a "parent" under this definition unless the grandparent has adopted the minor. (§ 6450.)

Counsel for the grandchild recognizes that "the express language employed by the legislature is limiting . . . ." But he argues that the Legislature did not intend to preclude a court from compelling a nonparent to pay attorney's fees and costs in a guardianship proceeding. Counsel relies on the

Law Revision Commission comment to the enactment of section 1470. The comment provides in relevant part: "Section 1470 . . . gives the court discretionary authority to appoint legal counsel in guardianship and conservatorship proceedings. The court's authority to appoint counsel in a guardianship proceeding involving custody of a minor is comparable to the court's authority to appoint counsel for a minor in a child custody proceeding under the Family Law Act. See Civil Code § 4606. As to the duty of the public defender to represent an indigent upon request or upon order of court, see Gov. Code § 27706." (Cal. Law Revision Com. com., 52 West's Ann. Prob. Code (1991 ed.) foll. § 1470, p. 500.)

Counsel's argument is premised on the comment's language that the court's authority to appoint counsel in a guardianship proceeding is comparable to its authority to appoint counsel in a child custody proceeding under the Family Law Act. Counsel contends that the Legislature "intended to give the court the same discretion and latitude which judges possess in family law proceedings when counsel is appointed to represent a minor." In family law custody and visitation proceedings, the minor's attorney's fees and costs "shall be paid by the parties in the proportions the court deems just." (Fam. Code § 3153, subd. (a).) Law Revision Commission comments are "usually a reliable guide to legislative intent. [Citations.]" (*In re Bryce C.* (1995) 12 Cal.4th 226, 241 [48 Cal.Rptr.2d 120, 906 P.2d 1275].) But the comment to the enactment of section 1470 does not support an order compelling grandparents to pay attorney's fees and costs. The comment refers only to the authority to appoint, not compensate, counsel. It implies that, if the minor and the minor's parents are indigent, the court should appoint the public defender to represent the minor: "As to the duty of the public defender to represent an indigent upon request or upon order of court, see Gov. Code § 27706." Government Code section 27706, subdivision (d), provides: "Upon request, or upon order of the court, the public defender shall represent any person who is not financially able to employ counsel in proceedings under Division 4 (commencing with Section 1400) of the Probate Code . . . ." Division 4 encompasses guardianship proceedings.

When read together with Government Code section 27706, subdivision (d), the comment resolves the probate court's dilemma of what to do when a minor in a guardianship proceeding needs legal representation but the minor and the minor's parents are indigent. The Legislature did not intend that the court appoint private counsel to serve without compensation or with compensation payable by a nonparent. Instead, the Legislature intended that the court order the public defender to represent the minor. Thus, by following the literal meaning of the words of section 1470, we are neither frustrating the purpose of the legislation nor causing an absurd result. Were we to

construe "parents" as including grandparents, we would be reconstituting this court as a "super-Legislature." (E.g., *People v. Pecci, supra,* 72 Cal.App.4th at p. 1507.)

*Guardianship of Paduano* (1989) 215 Cal.App.3d 346 [263 Cal.Rptr. 589], is distinguishable. In *Paduano* a guardianship proceeding was consolidated with a marital dissolution proceeding. The issue in both proceedings was who should be awarded custody of the minor. The court concluded that, because of the consolidation, "the guardianship and family law proceedings were one and the same . . . ." (*Id.* at p. 352.) The court held that the nonparent petitioner in the guardianship proceeding could be required to pay the minor's attorney's fees under former Civil Code section 4370 (now Fam. Code, § 2030), authorizing the award of attorney's fees in proceedings under the Family Law Act. In contrast to *Paduano*, here the guardianship proceeding was not consolidated with a family law proceeding.

### Conclusion

This court is ever mindful of the separation of powers principle. The trial court's ruling may be a fair result and, were we in the Legislature, we might vote for statutory authorization to require grandparents to assume financial responsibility for an indigent minor's attorney's fees and costs in these circumstances. Where, as here, the result is not absurd and does not frustrate the legislative purpose, an appellate court should stay its hand and let the Legislature decide whether the statute needs to be amended.

The order awarding attorney's fees and costs is reversed. The parties shall bear their own costs on appeal.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied January 16, 2001, and the petition of respondent Elan E. for review by the Supreme Court was denied March 14, 2001.