1 Cal.Rptr.3d 897 (2003)
110 Cal.App.4th 703
In re DANIEL M., a Person Coming Under the Juvenile Court Law.
San Diego County Health and Human Services Agency, Plaintiff and Respondent,
v.
Richard S., Defendant and Appellant.
No. D041470.
Court of Appeal, Fourth District, Division One.
June 20, 2003.
Alice C. Shotton, under appointment by the Court of Appeal, for Defendant and Appellant.
John J. Sansone, County Counsel, Susan Strom, Chief Deputy County Counsel, Lisa Maldonado, Deputy County Counsel, for Plaintiff and Respondent.
Suzanne F. Evans, San Diego, under appointment by the Court of Appeal, for Minor.
*898 McCONNELL, J.
Richard S., the alleged father of Daniel M., purports to appeal a judgment terminating his parental rights under Welfare and Institutions Code section 366.26.[1] Richard's sole contention is that the juvenile court committed reversible error by not complying with the notice requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). However, because Richard did not acknowledge or establish his paternity (25 U.S.C. § 1903(9); Cal. Rules of Court,[2] rule 1439(a)(4)), he lacks standing to assert the issue. Accordingly, we dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND
In January 2002, the San Diego County Health and Human Services Agency (the Agency) removed newborn Daniel from the custody of his mother, Danielle M., because she had a history of drug abuse, admitted using drugs during the pregnancy and tested positive for methamphetamine at the birth. The Agency filed a petition on Daniel's behalf under section 300, which identified Richard as the alleged father. In paternity questionnaires, Danielle and Richard stated he may have American Indian heritage. In its detention report, the Agency noted the ICWA "does or may apply."
At the February 2002 jurisdiction and disposition hearing, Richard, through counsel, stated he believed his father may have Cherokee Indian blood. Further, Danielle, through counsel, stated her mother is a registered member of an Apache tribe. The court deferred a finding on whether the ICWA was applicable. The court asked Danielle to give the Agency her mother's name for further investigation,[3] and asked Richard to bring the ICWA issue to its attention later if he established biological paternity. The appellate record contains no indication the ICWA issue was addressed further.
At the same hearing, the court granted Richard's request for paternity testing. However, he did not show up for the blood test and in April 2002 he withdrew his request.
At the August 2002 six-month review hearing, the court terminated reunification services and scheduled a section 366.26 hearing. The parents had made no substantive progress with their reunification plans.
In November 2002, Richard renewed his request for paternity testing. The court ordered testing, but the testing was not completed by the time of the section 366.26 hearing the following month. In any event, at the hearing the court determined Richard's paternity was irrelevant since he and Danielle had limited contact with Daniel throughout the proceedings. The court found Daniel was adoptable and none of the exceptions found in section 366.26, subdivision (c)(1) applied to preclude termination of parental rights. Finding adoption was in Daniel's best interests, the court terminated parental rights.

DISCUSSION
The ICWA provides that "where the court knows or has reason to know that an *899 Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention." (25 U.S.C. § 1912(a).) If the tribe is unknown, the notice must be given to the Bureau of Indian Affairs as the agent for the Secretary of the Interior. (Ibid.; 25 C.F.R. § 23.11 (2003); In re Edward H. (2002) 100 Cal.App.4th 1, 4,122 Cal.Rptr.2d 242.) "No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the ... tribe of the [Bureau]." (25 U.S.C. § 1912(a).)
Richard's only challenge to the termination of parental rights is the court's asserted noncompliance with the notice provisions of the ICWA.[4] Richard relies on Dwayne P. v. Superior Court (2002) 103 Cal.App.4th 247, 126 Cal. Rptr.2d 639 (Dwayne P.), in which this court held the parents did not waive appellate review of an ICWA notice issue even though they failed to appeal the jurisdiction and disposition order in which the subject was addressed. (Id at p. 251, 126 Cal.Rptr.2d 639.) We explained: "When the court has reason to know Indian children are involved in dependency proceedings, as here, it has the duty to give the requisite notice itself or ensure the social services agency's compliance with the notice requirement. [Citations.] In our view, the court's duty is sua sponte, since notice is intended to protect the interests of Indian children and tribes despite the parents' inaction. [Citation.] [¶] ... Because the court's duty continues until proper notice is given, an error in not giving notice is also of a continuing nature and may be challenged at any time during the dependency proceedings." (Dwayne P., supra, 103 Cal.App.4th at p. 261, 126 Cal. Rptr.2d 639.)
As an alleged father, however, Richard lacks standing to pursue this appeal. The termination of parental rights may be challenged on the ground of lack of ICWA notice by the dependent child, a parent or Indian custodian from whose custody the child was removed, and the Indian child's tribe. (25 U.S.C. § 1914; rule 1439(n).) The ICWA defines "parent" as "any biological parent or parents of an Indian child or any Indian person who has lawfully adopted an Indian child, including adoptions under tribal law or custom." (25 U.S.C. § 1903(9).) The ICWA expressly excludes from the definition of "parent" an "unwed father where paternity has not been acknowledged or established." (Ibid.) Contrary to Richard's assertion, rule 1439(a)(4) is substantively indistinguishable from title 25 United States Code section 1903(9). Thus, California law does not provide narrower standing than federal law.
In his reply brief, Richard asserts the ICWA "does not require the parent to have established paternity under California's Family Code before ICWA's provisions apply." (Some capitalization omitted.) However, Richard develops no argument and cites no supporting legal authority for this proposition. "[P]arties are required to include argument and citation to authority in their briefs, and the absence of these necessary elements allows this court to treat appellant's ... issue as waived." (Interinsurance Exchange *900 v. Collins (1994) 30 Cal.App.4th 1445, 1448, 37 Cal.Rptr.2d 126.)
In any event, the assertion is without merit because to be considered a "parent" under the ICWA, an unwed father's paternity must be "acknowledged or established." (25 U.S.C. § 1903(9); rule 1439(a)(4) [unwed alleged father's paternity must be "determined or acknowledged"].) Richard submits that "any ambiguity in either the federal or state statutes, regulations or rules shall be resolved in favor of the result most consistent with protecting Indian children and promoting and stabilizing Indian families and tribes." However, he points to no ambiguity and we find none. If a statute is unambiguous, it must be applied according to its plain terms. (Guardianship of Elan E. (2000) 85 Cal. App.4th 998, 1001, 102 Cal.Rptr.2d 528.)
Moreover, because the ICWA does not provide a standard for the acknowledgment or establishment of paternity, courts have resolved the issue under state law. (In the Matter of the Adoption of a Child of Indian Heritage (1988) 111 N.J. 155, 176 [543 A.2d at p. 935]; Yavapai-Apache Tribe v. Mejia (Tex.App.1995) 906 S.W.2d 152, 171-173.) Courts have held an unwed father must take some official action, such as filing a voluntary declaration of paternity, establishing paternity in legal proceedings, or petitioning to have his name placed on the child's birth certificate. (Adoption of Baby Girl B. (Okla.Civ.App. 2003) 67 P.3d 359, 366; In the Matter of Adoption of a Child of Indian Heritage, supra, 111 N.J. at p. 178 [543 A.2d at p. 936]; Yavapai-Apache Tribe v. Mejia, supra, 906 S.W.2d at pp. 172-173.) Similarly, in California an alleged father may acknowledge or establish paternity by voluntarily signing a declaration of paternity at the time of the child's birth, for filing with the birth certificate (Fam.Code, § 7571, subd. (a)), or through blood testing (Fam.Code, § 7551).[5] Richard ultimately submitted to blood testing, but the results were not completed by the time of the section 366.26 hearing.
"[T]o have standing to appeal, a person generally must be both a party of record and sufficiently `aggrieved' by the judgment or order." (Marsh v. Mountain Zephyr, Inc. (1996) 43 Cal.App.4th 289, 295, 50 Cal.Rptr.2d 493.) An alleged father who has not acknowledged or established he is a parent within the meaning of title 25 United States Code section 1903(9) lacks standing to challenge a violation of the ICWA notice provisions. (In the Matter of Adoption of a Child of Indian Heritage, supra, 111 N.J. at pp. 179-180, 543 A.2d 925; Carson v. Carson (2000) 170 Or.App. 263, 13 P.3d 523, 525-526; 25 U.S.C. § 1903(9); rule 1439(a)(4).) Accordingly, we must dismiss Richard's appeal. (See Decker v. U.D. Registry, Inc. (2003) 105 Cal.App.4th 1382, 1391, 129 Cal. Rptr.2d 892.)

DISPOSITION
The appeal is dismissed.
WE CONCUR: BENKE, Acting P.J., and McDONALD, J.
NOTES
[1] Statutory references are to the Welfare and Institutions Code unless otherwise specified.
[2] All rule references are to the California Rules of Court.
[3] In the reporter's transcript, the court is quoted as saying "[p]erhaps ... you [Danielle] can give the social worker the name of your father so that the social worker can check into that." (Italics added.) The court presumably meant to refer to Danielle's mother.
[4] In his reply brief, Richard suggests the court abused its discretion by not continuing the section 366.26 hearing pending the results of his paternity testing. However, Richard waived appellate review of the issue by not raising it in his opening brief. (Wurzl v. Holloway (1996) 46 Cal.App.4th 1740, 1754, 54 Cal.Rptr.2d 512.)
[5] Because Richard is not a presumed father we need not discuss the statutory criteria of such status.