Filed 4/30/13  In re Z.W. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re Z.W., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E056879 |
| Plaintiff and Respondent, | (Super.Ct.No. SWJ1100626) |
| v. | OPINION |
| J.W., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Donna L. Crandall, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Samantha A. Greene, under appointment by the Court of Appeal, for Defendant and Appellant.

Pamela J. Walls, County Counsel, Carole A. Nunes Fong, Deputy County Counsel, for Plaintiff and Respondent.

1

No appearance for Minor.

At a jurisdiction and disposition hearing, the juvenile court found Z.W. (Minor), came within the court's jurisdiction due to Minor's sibling being abused or neglected and therefore creating a substantial risk that Minor would be abused or neglected. (Welf. & Inst. Code, § 300, subd. (j).)[1]  The juvenile court found Minor was not an Indian child and that the Indian Child Welfare Act (ICWA) did not apply in Minor's case.  At the detention hearing, the juvenile court reserved ruling on the status of defendant and appellant J.W. (Father) as Minor's father.  At the jurisdiction hearing, the court did not make a determination concerning Minor's paternity.

Father asserts the juvenile court erred by concluding ICWA does not apply in this case because the Riverside County Department of Public Social Services (the Department) did not comply with the ICWA notice and inquiry provisions.  Father contends he has standing to raise the ICWA issue because he was treated like a presumed father at the juvenile court.  We conclude Father does not have standing and dismiss his appeal.

**FACTUAL AND PROCEDURAL HISTORY**

Minor is male and was born May 2012.  Shortly thereafter, the Department filed a petition alleging (1) Minor's mother L.B. (Mother), had an open case with the Department for another child, Sibling (Sibling), and she was not complying with that case plan due to failing to participate in drug treatment and failing to drug test;

_____

[1]  All subsequent statutory references will be to the Welfare and Institutions Code, unless otherwise indicated.

2

(2) Father had an open case with the Department, also related to Sibling, and Father was not in compliance with his case plan due to missing drug tests and not participating in a psychological evaluation; (3) Father has an "extensive history of substance abuse and, by his own admission, continues to abuse substances including but not limited to marijuana"; and (4) Father has unresolved anger issues and has not benefited from anger management classes, as evidenced by his becoming irate in a hospital maternity ward and needing to be escorted out of the building by security. The Department asserted Minor was at risk of suffering abuse or neglect similar to that of his sibling, Sibling. (§ 300, subd. (j).) The petition does not reflect Father's status as Minor's father, as none of the boxes are checked next to "legal," "biological," "presumed," or "alleged."

On May 1, 2012, Mother and Father verbally denied having any Native American ancestry, and they both stated Father was Minor's father. On May 4, 2012, Father filed a "Parental Notification of Indian Status" form (ICWA-020) reflecting he had no Native American ancestry as far as he knew. Also on May 4, 2012, Father filed a "Statement Regarding Parentage." (JV-505.) Father marked the box indicating that he believed himself to be Minor's father; however, Father did not mark a box explaining why he believed he was Minor's father. For example, Father did not mark the box indicating (1) he already completed a voluntary declaration of parentage, (2) the child lived with him, (3) someone told him he was the child's father, (4) he participated in activities with the child, (5) he gave money or objects to the child, or (6) the child spent time with Father's family. Father only wrote, "I am the father"—no explanation was given for this belief.

3

Mother gave her responses to the paternity inquiry. Mother declared a paternity test had not been conducted, there was not an order for child support, and she was not married to Father. However, Mother wrote that Father was Minor's father. Mother declared that no other man could be Minor's father. Mother indicated Minor went to Father's home when Mother "go[es] with [Minor] to visit his father."

At the detention hearing on May 4, Father was present in court. The juvenile court reserved ruling on the issue of paternity. The juvenile court found ICWA might apply in Minor's case, because Father had indicated in Sibling's case that he might have Native American ancestry. The court ordered that the Department provide Mother and Father with drug testing, substance abuse treatment, parenting classes, and counseling. The court granted Mother and Father two-hour visits with Minor two times per week. On May 22, 2012, at a hearing for Sibling, the juvenile court found ICWA did not apply to Sibling.

Father's attorney did not permit the Department to contact Father regarding the allegations in the petition concerning Minor  Father was arrested on May 16, 2012, due to a probation violation. Father posted bail and was released on May 19, but failed to appear in court on May 21, and a bench warrant was issued. Father went to the Department's offices to visit with Minor and Sibling on June 5. Father had not been participating in drug testing, parenting classes, anger management classes, nor had he attended his psychological evaluation.

The juvenile court held a jurisdiction and disposition hearing on July 18, 2012. Father was not present at the hearing; Father's attorney attended the hearing. Father's attorney said, "I would personally acknowledge receipt, waive reading, advisement, offer no comment." The juvenile court found Minor came within the court's jurisdiction due to Minor's sibling being abused or neglected and therefore creating a substantial risk that Minor would be abused or neglected. (§ 300, subd. (j).) The court found ICWA did not apply. The court ordered Minor continue to be placed outside of Mother's and Father's physical custody and ordered Mother and Father to participate in reunification services. The court found Father was not involved in the development of the case plan because Father was "unable, unavailable, or unwilling to participate." The court ordered Mother, but not Father, to return to court for the six-month review hearing. (§ 366.21, subd. (e).)

## DISCUSSION

Father contends the juvenile court erred by concluding ICWA does not apply in Minor's case, because the Department sent tribes incomplete identifying information. Father asserts he has standing to raise this issue because he was treated like a presumed father at the juvenile court. We conclude Father lacks standing to raise the ICWA issue.

Standing is an issue of law which we review de novo. (*Scott v. Thompson* (2010) 184 Cal.App.4th 1506, 1510.) "California law distinguishes 'alleged,' 'biological,' and 'presumed' fathers. [Citation.]" (*Gabriel P. v. Suedi D.* (2006) 141 Cal.App.4th 850, 857.) "An 'alleged' father refers to a man who may be the father of a child, but whose biological paternity has not been established . . . ." (*Francisco G. v. Superior Court*

5

(2001) 91 Cal.App.4th 586, 596.) In order to raise ICWA issues, a father must be a biological or presumed father. An alleged father cannot raise ICWA issues "because, absent a biological connection, the child cannot claim Indian heritage through the alleged father." (*In re E.G.* (2009) 170 Cal.App.4th 1530, 1533.)

Father was never found to be more than Minor's alleged father. At the detention hearing the juvenile court reserved ruling on the paternity issue. At the jurisdiction and disposition hearing, Father did not request a ruling on the paternity issue and the juvenile court did not issue a ruling on the matter. Since a determination was never made regarding Father's status, he is an alleged father. (*In re Paul H.* (2003) 111 Cal.App.4th 753, 760.) As an alleged father, Father lacks standing to raise the ICWA issue. (*In re Daniel M.* (2003) 110 Cal.App.4th 703, 707-709.) As a result, Father's appeal must be dismissed. (*Id.* at p. 709.)

Father asserts he has standing to raise the ICWA issue on appeal because he was treated as more than an alleged Father at the juvenile court. As an example, Father explains that he was granted reunification services, which are typically not granted to alleged fathers. A juvenile court must order services for a presumed father, and it may order services for a biological father if the court finds services will benefit the child. (§ 361.5, subd. (a).) Accordingly, Father is correct that he was treated as more than an alleged father. As an alleged father, Father was not entitled to receive reunification services. Nevertheless, there is not a legal equivalency for presumed father status. A finding must be made in order for Father to achieve natural or presumed father status. Since a determination was never made by the juvenile court, Father remains an alleged

father who lacks standing to raise the ICWA issue.  (*In re Paul H.*, *supra*, 111 Cal.App.4th at p. 760 [a determination must be made in order for a father's status to change]; see also § 361.5, subd. (a) [there must be a finding of paternity].)

Next, Father contends he has standing to raise the ICWA issue because he is Minor's biological father.  As a biological father, Father could have standing to raise the ICWA issue.  (*In re E.G.*, *supra*, 170 Cal.App.4th at p. 1533.)  However, the record reflects Father is an alleged father, not a natural father, and a DNA test was not conducted.  Father does not provide a citation to the record where the juvenile court recognizes him as Minor's natural/biological father.  (Cal. Rules of Court, rule 8.204(a)(1)(C) [record citations required].)  Thus, we are not persuaded that Father has standing to raise the issue as a natural/biological father, because the record does not support standing on this basis.

Father goes on to argue that (1) he is listed on Minor's birth certificate, and (2) he completed a statement of parentage, so therefore he should be afforded standing because he took affirmative steps to establish paternity.  In order "to be considered a 'parent' under the ICWA, an unwed father's paternity must be 'acknowledged or established.'  (25 U.S.C. § 1903(9) . . . .)"  (*In re Daniel M.*, *supra*, 110 Cal.App.4th at p. 708.)  "[I]n California an alleged father may acknowledge or establish paternity by voluntarily signing a declaration of paternity at the time of the child's birth, for filing with the birth certificate (Fam. Code, § 7571, subd. (a)), or though blood testing (Fam. Code, § 7551.)"  (*Id*. at pp. 708-709, fn. omitted.)

Father's argument is not persuasive because on the "Statement Regarding Parentage" Father needed to explain why he believed himself to be Minor's Father. Father did not explain why he believed himself to be Minor's father. Importantly, Father left empty the box next to the option reading, "I have already established parentage of the child by . . . voluntary declaration signed by me on *(date)*: _____." In Father's opening brief, he does not contend that he filed a voluntary declaration of paternity in the hospital, which was witnessed by hospital staff and forwarded to the Department, per the voluntary declaration requirements of Family Code section 7571, subdivision (a).

Rather, Father asserts his "Statement Regarding Parentage" and Mother's responses to the "Paternity Inquiry" should suffice for the voluntary declaration of paternity. Father's argument is not persuasive because the statutory rules are clear as to the requirements for a voluntary declaration of paternity; there is nothing in the statutory language indicating that an amalgamation of documents can work to circumvent the declaration requirements. (*In re B.L.* (2012) 204 Cal.App.4th 1111, 1116 [if the statutory language is not ambiguous the plain meaning controls].) Thus, we conclude Father is an alleged father without standing to raise the ICWA issue on appeal.

8

# DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____

J.


We concur:


KING_____

Acting P. J.


CODRINGTON_____

J.