Filed 12/13/23  In re L.S. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re L.S., a Person Coming Under the Juvenile Court Law. | B328502 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.S.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP03065A) |

APPEAL from an order of the Superior Court of Los Angeles County, Kristen Byrdsong, Temporary Judge. Dismissed.

Gina Zaragoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and David Michael Miller, Senior Deputy County Counsel, for Plaintiff and Respondent.

M.S. appeals from the April 11, 2023 order terminating parental rights to L.S. (minor) under Welfare and Institutions Code section 366.26.[1] M.S. contends that the juvenile court erroneously failed to ensure compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.). Because M.S. is an alleged father, we dismiss his appeal.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

M.S. is minor's alleged father, and his name does not appear on minor's birth certificate. Shortly after N.K. (mother)[3] gave birth to minor, the Los Angeles County Department of Children and Family Services (Department) filed a section 300 petition alleging minor was at risk of harm based on mother and minor testing positive for methamphetamine and opiates at the child's birth, M.S.'s status as a past and current substance abuser, and mother and M.S.'s failure to reunify with other children who had previously been declared dependents by the juvenile court. M.S. was incarcerated at the time minor was detained.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] We limit our recitation of facts to those relevant to appealability, except as is necessary for context.

[3] Mother is not a party to the current appeal.

At an arraignment hearing on July 21, 2021, M.S. submitted a Statement Regarding Parentage (JV-505) form, indicating that he did not know if he was the child's parent and requested a DNA test for paternity. He also filed Parental Notification of Indian Status (ICWA-020) form denying any Indian ancestry. The court appointed counsel to represent M.S., found him to be an alleged father, ordered DNA testing, and found ICWA inapplicable to M.S.

Mother was not present in court, but a day earlier, her attorney had filed a Parental Notification of Indian Status (ICWA-020) form claiming that minor may be a member of, or eligible for membership in, an Indian tribe. Mother claimed her paternal grandfather was 100 percent Native American, but according to her counsel, mother was estranged from that grandparent and would need to look into it further to identify a tribe. The court ordered the Department to investigate mother's claim. The Department spoke to maternal grandmother, who did not know the tribe's name or have much information, but reported "the American Indian is on her adoptive father's side," and said mother should have the information and suggested the Department " 'look on one of those ancestry websites for more information.' " Maternal grandfather said there was no ICWA ancestry on his side of the family.

In a last minute information filed on December 2, 2021, the Department reported that minor had missed a scheduled DNA test due to illness, and the Department had been unable to contact M.S. to provide him with the needed information. M.S. acknowledges in his opening brief that paternity testing was not conducted during the dependency case.

3

After sustaining the petition allegations, the court ordered minor removed from parental custody, and denied reunification services for M.S. under section 361.5, subdivision (a). Reunification services for mother were denied under section 361.5, subdivision (b)(10), (11), and (13).

After a number of continuances, the juvenile court conducted a hearing under section 366.26, with M.S. present. Over M.S.'s general objection, the court terminated parental rights as to minor. M.S. appealed.

## DISCUSSION

"[I]n California an alleged father may acknowledge or establish paternity by voluntarily signing a declaration of paternity at the time of the child's birth, for filing with the birth certificate (Fam. Code, § 7571, subd. (a)), or through blood testing (Fam. Code, § 7551)." (*In re Daniel M.* (2003) 110 Cal.App.4th 703, 708–709, fn. omitted.) " '[T]o have standing to appeal, a person generally must be both a party of record and sufficiently "aggrieved" by the judgment or order.' [Citation.] An alleged father who has not acknowledged or established he is a parent within the meaning of title 25 United States Code section 1903(9) lacks standing to challenge a violation of the ICWA notice provisions." (*Id.* at p. 709.)

Here, M.S. is not named on the child's birth certificate. Further, although he requested a paternity test, he failed to appear for the test and made no further efforts to change his parental status beyond that of an alleged father. He therefore

4

lacks standing to challenge any purported violation of the ICWA provisions. Accordingly, we dismiss the appeal.

NOT TO BE PUBLISHED.


MOOR, J.

We concur:


RUBIN, P. J.


BAKER, J.