Filed 7/22/25  Marriage of Haile CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of EDEN and TSEGAI HAILE | |
| EDEN HAILE, Respondent, v. TSEGAI HAILE, Appellant. | A171590, A171891, & A171979 (Sonoma County Super. Ct. No. SFL-090902) |

In these consolidated appeals, appellant Tsegai Haile challenges three separate orders entered in the dissolution proceedings initiated by his wife, respondent Eden Haile.[1]  Because he raises no reasoned factual or legal arguments of how the trial court erred, we affirm all three orders.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Tsegai and Eden were married in January 1996 and have three children.  Eden filed a divorce petition in April 2022.  Around a year later, in April 2023, Tsegai purported to appeal from several orders entered in the action.  In an unpublished opinion, this court concluded that Tsegai had

_____

[1] We refer to the parties by their first names in the interest of clarity.

1

mostly appealed from nonappealable orders, and that to the extent one of the orders was appealable, Tsegai offered no reasoned argument why it should be reversed. (*Haile v. Haile* (Oct. 26, 2023, A167562) (*Haile I*).)

Litigation continued in the trial court. Among the many things the parties disputed was their date of separation. Tsegai claimed that the parties separated in March 2002 (i.e., around 20 years before Eden filed a divorce petition), when Eden was pregnant with the couple's third child. Eden, by contrast, contended the separation date was in April 2022.

Tsegai's legal representation has changed several times. He is currently unrepresented. He challenges the following three orders issued by the trial court.

### A. Denial of Claim of Exemption.

In May 2022, the court ordered Tsegai to pay $5,000 in attorney fees and $500 in other payments. Apparently he did not pay. Tsegai also was directed to pay Eden money in orders filed in August 2022, December 2022, and March 2023. Eden ultimately obtained a writ of execution for the enforcement of a money judgment totaling $8,987.50. In January 2024, $5,570.24 was withdrawn from Tsegai's account with Redwood Credit Union to pay a "Sheriff's Department levy."

Tsegai filed a claim of exemption under title 42 United States Code section 407(a), which exempts Social Security income from garnishment. Eden opposed the claim. She contended that Tsegai's equity was greater than what he had listed on a financial statement.

In response to Eden's opposition to his claim of exemption, Tsegai first filed a declaration complaining about almost every aspect of the proceedings. As for his claim of exemption, he characterized Eden's opposition as "frivolous" and asserted that he was "not a judgment debtor in this case, I

2

won every issue raised legally and factually!" And he provided an estimate for proposed dental work and a statement regarding his Social Security benefits. Two days later, Tsegai filed a supplemental declaration. He characterized the documentation presented by Eden as "illegally gathered" and "irrelevant," and claimed that the order supporting the writ of execution against him was "VOID."

At a hearing in February 2024, the court ordered further briefing on whether a court order that has not been reduced to a judgment can be subject to a writ of execution. Following briefing, the court concluded that Eden could enforce the orders against Tsegai as money judgments. But the court characterized the evidence submitted as "unclear and disjointed," and it therefore ordered an evidentiary hearing on the claim of exemption.

At a hearing on August 9, 2024, Tsegai appeared by Zoom despite having been ordered to appear in person to provide testimony. The trial court continued the hearing and ordered Tsegai to be present in court.

Tsegai did not appear at the continued hearing. A representative from Tsegai's credit union was present to authenticate bank statements showing that the levy on Tsegai's account was taken from a savings account that did not contain Social-Security payments, and Eden's attorney made an offer of proof that the representative would testify to that effect. The attorney also provided evidence of the equity Tsegai had in the home held in his name.

The trial court denied Tsegai's claim of exemption based on the offer of proof and the fact there was sufficient equity in Tsegai's home for him to satisfy the judgment against him. Tsegai appealed. (No. A171590.)

### B. *Award of Attorney Fees.*

Meanwhile, Eden sought $105,000 in attorney fees and costs under Family Code, section 271. The form request stated that Tsegai retained sole

3

access to several financial accounts and that his "behavior ha[d] increased [her] attorney fees and costs substantially by having to defend [her]self against frivolous motions and pleadings." Eden reported she was working two entry-level jobs (one as a caregiver in a senior home and the other as a housekeeper for a hospital) to support herself and the Hailes' youngest daughter, an adult who "has special circumstances." She represented that, given her age and the cost of living, she was "unsure [she would] ever be able to earn enough to sustain the standard of living [she] enjoyed during the marriage."

Tsegai did not appear at the hearing on the request for attorney fees. Eden's attorney provided an offer of proof about the amount of fees Eden would testify she had incurred. The attorney also provided proof of Tsegai's ability to pay the attorney fees. The court ordered that Tsegai pay Eden $105,000 in attorney fees. Tsegai appealed. (No. A171891.)

### C. *Declaration of Tsegai as a Vexatious Litigant.*

Eden also sought to have Tsegai declared a vexatious litigant under Code of Civil Procedure section 391 et sequitur. She asked that he be required to furnish security and that the court issue an order preventing him from filing any further petitions, applications, or motions without first obtaining leave of the court. (Code Civ. Proc., §§ 391.1, subd. (a), 391.7, subd. (a).)

Tsegai filed a seven-page declaration in opposition to the request. He attested that there was "irrefutable documentary evidence" showing that the trial judge was "a personal enemy of mine." Tsegai accused the judge, in his words, of refusing and failing "to follow simple guidelines of a judicial post, on ongoing and repeated basis. His acts are not judicial acts. These retaliatory acts are his own, representing his own prejudices, and gaols [*sic*]." Tsegai

4

contended that the judge had denied him his constitutional and civil rights and that the judge's orders were "void [and] of no force or effect" since the judge had "lost subject matter jurisdiction." And he devoted most of his declaration to listing all the ways the judge supposedly had "conspired, supervised, abetted, & aided" wrongful acts against him. The declaration concluded: "with him [the trial judge] being the litigant on false/fraudulent basis; with him being the accuser w/o standing, and him being the decision maker in his **kangaroo** court, declared me vexatious litigant, grossly falsifying the facts of the records in the proceedings w/o any supporting evidence but his words. It's illegal, null, and void!"

Tsegai also submitted a two-page memorandum of points and authorities. He contended that his appeal from the denial of his claim of exemption automatically stayed the case. Finally, Tsegai submitted printouts of anonymous reviews that the trial judge had received on a website for rating judges.

Following a hearing, the trial court on November 6, 2024, declared Tsegai to be a vexatious litigant. It granted the request to enter a prefiling order against Tsegai (Code Civ. Proc., § 391.7, subd. (a)), but it denied the request that he be required to furnish security in order to continue the litigation.

Tsegai filed a notice of appeal on November 18. (No. A171979.) This court dismissed the appeal as having been taken from a nonappealable order, then conditionally reinstated it on the condition that he submit the prefiling order entered against him. The trial court entered a prefiling order on January 14, 2025, and this court allowed the appeal to proceed after Tsegai provided the order to this court.

The court consolidated Tsegai's three appeals.

5

## II.
### DISCUSSION

Tsegai has submitted a two-part opening brief that does little to address any of the three orders he challenges in these appeals. He recounts all the many ways he claims the trial court acted improperly, including in matters that are not the subject of this appeal. We do our best to summarize Tsegai's arguments that touch in some way on the orders from which Tsegai appealed.

### A. Claim of Exemption (No. A171590)

Tsegai quotes at length from the trial court's order that concluded that outstanding orders against Tsegai could be enforced as money judgments. He focuses on the portion of the order that characterized Eden's evidence presented to that point as "unclear and disjointed," and apparently asserts that this conclusion undermines the trial court's decision to order an evidentiary hearing.

Tsegai then claims that he objected to such a hearing as a violation of his constitutional rights. He purports to cite to a portion of the record where the trial court asked Tsegai if he was willing to testify under oath, and he replied, " 'There's no law mandating me. You've no jurisdiction to even hear this case! However in a spirit of cooperation, I'm willing.' " The only record citation that appears around this supposed statement and the testimony that followed is to a form schedule of assets Tsegai supposedly referred to during his testimony, but not to any such testimony itself. In other words, it is unclear on our record whether the testimony Tsegai purports to quote exists.

As for legal argument, Tsegai cites generally applicable statutes. (E.g., 42 U.S.C. § 407(a) [exemption of Social Security payments from garnishment], Code Civ. Proc., § 703.030, subd. (b) [property described as exempt is not subject to enforcement of money judgment]). But he offers no

6

reasoned factual or legal argument why the trial court erred in applying those statutes.[2] The absence of these necessary elements allows us to treat Tsegai's issue as waived. (*In re Daniel M.* (2003) 110 Cal.App.4th 703, 708.)

### B. Award of Attorney Fees (No. A171891)

As we have said, Eden sought attorney fees under Family Code, section 271. Subdivision (a) of the statute provides in relevant part that "the court may base an award of attorney's fees and costs on the extent to which any conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

On appeal, Tsegai refers to the general rule that each party to civil litigation usually is responsible for their own attorney fees. But he does not

---

[2] The following is a typical excerpt from Tsegai's opening brief: "Admissibility of evidence is fundamental aspect of due process. Evidence not handled according to proper procedure isn't admissible. Evidence obtained by unlawful search/seizure in violation of the 4th amendment to the US const., and other violations of constitutional right is inadmissible. Even if funds other than SSDI were shown, it would have been inadmissible! Records are obtained by (1) illegal subpoena; (2) before a hearing to quash; (3) personal appearance of 8/22/24, before hearing to quash it (10/11/24); (4) it's perjurious, & (5) irrelevant, because we're also separated in 2002 (FC 70)."

cite the relevant Family Code statute, let alone explain why the trial court misapplied it when awarding Eden attorney fees. He asserts, without specific citation to the record: "I'm dragged into this! my objection to order of 8/22/24, showed it's retaliatory. Order 3/19/24, & TR of 8/8/24, admitted my argument is meritrious [*sic*], OC's is frivolous. The $8,947.50 is void from its inception. RT vol II, shows OC lost. Baseless award of $105,000 while lost, is also nothing but doubling down on its egregious abuse of power (PC 422.6; 18 USC 241; 242); CCP 916(a); 410,10." This brief argument is confusing and wholly inadequate to preserve any objection to the award of attorney fees. We thus treat Tsegai's argument as waived.

### C. Prefiling Order (No. A171979)

As for the issuance of a prefiling order, Tsegai acknowledges on appeal that the definition of a vexatious litigant includes a person who, "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 391, subd. (b)(3).) After the trial court declared Tsegai a vexatious litigant, it entered an order that prevents Tsegai from filing any new litigation in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. (*Id.*, § 391.7, subd. (a).) "A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219.)

Abundant evidence supports the trial court's order declaring Tsegai a vexatious litigant. The record is filled with motions filed by Tsegai that contain irrelevant, frivolous, and repetitive claims, along with ad hominem attacks on trial judges, Eden, and Eden's attorney.[3] This has had the effect of dragging out divorce proceedings and has forced Eden to devote time and resources to responding.

Tsegai's opening brief does not meaningfully address the legal or factual basis for the prefiling order. He characterizes the prefiling order as "**Egregious Retaliation**." After he summarizes the statutory definitions of a vexatious litigation, he simply asserts: "**None of these applies here!**" And he characterizes the order as "outrageous, and nonjudicial." We reject these unsupported allegations.

### III.
### DISPOSITION

In A171590, the order denying appellant's claim of exemption is affirmed.

In A171891, the order awarding respondent attorney fees is affirmed.

In A171979, the order declaring Tsegai a vexatious litigant and imposing a prefiling requirement is affirmed.

Respondent is awarded her appellate costs, if any, as she did not file a respondent's brief.

---

[3] Tsegai repeats this strategy in this court. The first two pages of Tsegai's brief are filled with frivolous accusations that this court has "[f]abricated" factors in order to rule against him and is part of a conspiracy against him. After these appeals became fully briefed, Tsegai filed an "[u]pdated" list of the supposed evidence he says supports a showing of a conspiracy. After that request was docketed, he filed yet another request, this one accusing the court of mischaracterizing his motion on the court's docket. We reject his request that two members of the panel be disqualified.

9

_____

Humes, P.J.


WE CONCUR:



_____

Banke, J.



_____

Smiley, J.


*Haile v. Haile*  A171979, A171590, A171891

10